First case for argument is case number 19-20-72, Eastern Missouri. John Kitchin et al. v. Bridgeton Landfill et al. Court will hear from Mr. Beck. Mr. Beck, your mic's muted. There I am. I am muted. Good afternoon. May it please the court. I am William Beck with Lathrop GPM in Missouri. I represent appellants for Public Services, Inc., Allied Services, LLC, and Bridgeton Landfill, LLC. And just to orient them, Bridgeton and Allied are Republic subsidiaries. Republic is an Arizona-based public company in the solid waste industry. The appellants were sued in Missouri State Court in this toxic tort putative class action. They removed the case to the Eastern District of Missouri United States District Court on multiple grounds, including the Class Action Fairness Act, also called CAFA. And that will be the subject of our appeal and argument today. Federal jurisdiction under CAFA was found by the District Court and remains undisputed at the outset. But there is an argument made by the plaintiffs to apply the local controversy exception to CAFA, which this court has recognized to be an abstention doctrine, but it's mandatory. The statute requires it if the elements are met. There was a question of jurisdiction actually litigated earlier in this appeal. And the court on August 12, 2019, granted my client's petition for rehearing. So we think appellate jurisdiction was found. I plan to step over that unless the court prefers I address it, in which case I'm happy to. The trial judge, Senior District Judge Catherine Perry, remanded this case to the state court in a detailed 32-page written opinion. And because there were multiple grounds for removal, only pages 25 to 31 of Judge Perry's order are what is at issue on this appeal. We do make more arguments in our briefs than we'll talk about today unless in response to questions. I do preserve the other arguments, but I intend to focus very narrowly on one today because we think it is dispositive. To us, the key is this. We believe this appeal is controlled by this court's August 30, 2019, decision in Atwood v. Peterson. That was rendered about three months after District Judge Perry's remand order. It's fully briefed by both parties. And we think that District Judge Perry's pre-Atwood remand order must be reversed simply based on Atwood without the need to consider any other issues. Atwood explicitly rejects the Ninth Circuit decision in the Coleman case that District Judge Perry had relied upon for her local controversy exception decision on a critical point. So the background, of course, as both Atwood and the Westerfeld opinion explain from this court, the presumptive removal under the Class Action Fairness Act is unique. There are different rules. There is a different burden with respect to remand under the local controversy exception. Congress, in enacting the statute, the court has found perceived that some state court class actions could be abusive and provided a removal basis. The district court did find that we had proved CAFA federal jurisdiction that remains unchallenged. All it took was that there is $5 million or more sought in the case. There are more than 100 class members here. It's all property owners over 11 square miles who are Missouri residents. And there was at least one diverse defendant. In fact, there are three. Counsel, if you're right on Atwood, would the proper disposition be remand to the district court to look at the local controversy exception under the Atwood decision? Or in your view, is that something we can decide as a matter of law here? Your Honor, for two reasons, I think the court can decide it as a matter of law here. The first is that the standard of review we believe and we have briefed is de novo. The second is that District Judge Perry actually made findings on the issues on the very issue that we believe controls under Atwood. So there's no need to go back and relook at a petition. In fact, the finding that Judge Perry made that under the Coleman case supported the local controversy exception. Rather, in the 8th Circuit under the Atwood case defeats the exception. So our belief is that the court agrees that Atwood is controlling the proper course would be simply to reverse and remand for further litigation of the case in the district court rather than further hearings on CAFA. With respect to the claims in the case, Judge Perry reviewed a very long petition that had been removed and examined it to determine whether at least one defendant, one local defendant, one citizen of Missouri, in this case, Rock Road Industries, Inc., which at the time of original filing was a Missouri citizen. Whether it was a defendant, quote, from whom significant relief is sought and quote, who's alleged conduct for forms a significant basis for the claims asserted. Counsel, can I ask you, you mentioned at the time of filing and one of the other grounds you you mentioned, which is pretty clean, quite frankly, is that maybe we look at it at the time of removal as well. There's that old Supreme Court case from the 1870s called Mansfield. And the Mansfield rule says you look at when you have a removed case, you look at both the time of filing and at the time of removal. And it seems to be undisputed here that at the time of removal, we no longer had Rock Road had been merged into a into a separate company. So diversity, the circumstances surrounding diversity had changed. What's your what's your view on that? We brief your honor and argue and I wasn't going to bring it up today, but I'm happy to answer the question. Thank you. We argue that the time of removal and the time of the remand decision, according to the language of the removal statute, specifically in part D of 1332, refers to the time of the removal decision for the basis for determination of whether or not there is a Missouri defendant. Rock Road Industries didn't merge with just another company. It actually worked into rich and landfill LLC, which remains a defendant, but which happens to be a Delaware company based in Arizona. So I would agree, your honor, that if the court chooses to reach that issue first, consider that to be a clean issue and makes the decision that there simply was not a Missouri defendant in the case at the relevant time. Then that would justify reversal for further litigation, remand for further litigation without the need to reach the substantial, substantial conduct question or the just one follow up on that. And I know you didn't intend to raise it, but do you think that the demands field rule applies here, which is that when you look at removal, it's a time of removal and it's the time of filing. Or is your argument that it's only the time you look at it? Your honor, I don't I don't believe it's the time of initial filing. And so we would argue and again, this is briefed in about 10 or more pages and well, there are original and reply briefing. We believe that the correct time is the time of the removal. And the removal happened to occur following the merger, which, of course, by its terms, all mergers simply added the liabilities and assets of two companies together into one, which is still before the court, still available to the plaintiffs to sue or recover from. Well, the other side emphasizes what a gaping loophole this would be and how this just can't be the law. And also the statute does say originally filed. What do you really reply to their policy argument? I realize it's mostly policy. I would I would reply this, your honor. I know that most remand decisions occur against the backdrop of very limited removal jurisdiction and essentially a presumption in favor of remand. In this particular case, the presumption of Kappa is that a qualifying case, which this is will be removed to and stay in federal court, except under very narrow circumstances. And in fact, the jurisdictional loophole that is discussed in the prior eight circuit cases is really a an intention not to allow the local controversy exception to become a loophole in the presumption for federal jurisdiction. So we we we don't think there's particularly a policy concern that that causes a need to look beyond the statute itself in deciding the question properly construed. And again, there are two ways the court can go about this, either of which results in remand. That's one. The other is simply that Judge Perry looked at the complaint and determined here are the allegations against that former Missouri Corporation, Rock Road Industries. There were four. Two of them were substantive. It is alleged to have owned the landfill and operated the landfill at some pertinent times. But every defendant in the case, according to that first amendment complaint, or the first amendment petition, which respectfully was a little overplayed. Every defendant was alleged to have owned and operated the landfill. There was no difference in the allegations among the four different defendants. They were the same. And Judge Perry found exactly that. Judge Perry found the allegations against the four defendants were the same and applying the Ninth Circuit decision. Then in Coleman and some district court cases following Coleman, Judge Perry then determined that meant that there was substantial conduct of each party involved in the case. Whereas we had argued under Westerfeld and now Atwood teaches that the substantial conduct decision is a comparison between the local party and the diverse parties. And so under Atwood, the Coleman decision that Judge Perry relied on is actually specifically rejected. That was about three months after Judge Perry's decision. And therefore, and the loophole it closes, is that if it were simply possible to plead the same claims against all defendants, which is done daily in toxic torque cases for strategic reasons. And if that were enough to invoke the local controversy exception, then there would be a gaping loophole in the presumptive federal jurisdiction caused by that rule. That's, I think, why the court rejected that rule and looked at the comparative analysis and determined in Atwood. I think that because the claims had alleged the same conduct against the Walgreens district managers and against Walgreens in the Atwood case, that comparative analysis could not be performed because everyone was accused of the same thing. And so under Atwood on de novo review, we urge reverse and remand to continue the case in federal court. And really, we think all that's needed in order to reverse is to compare pages 25 to 31 of Judge Perry's remand order to Atwood and perhaps Westerfield for contest. If the court please, I'd like to reserve my last couple of minutes for rebuttal because there may be some things come up and I appreciate the court's time. That would be fine. Thank you, Mr. Beck. Thank you, sir. Court, I'll hear from Mr. Keene. Good afternoon, your honors. My name is Ryan Keene. I represent the plaintiffs and the putative class in this case involving 50,000 tons of nuclear waste that's currently in the Westlake landfill and an underground fire that is burning within several hundred yards of this nuclear waste. This issue is undoubtedly very serious and very concerning for St. Louis residents. The Environmental Protection Agency has designated this area superfund site for cleanup. The radioactive waste in this landfill over the last several decades has escaped the landfill and contaminated the properties, the homes and businesses of thousands of residents that surround the landfill. It has also sickened thousands of people causing them cancer. It's a very serious issue to St. Louisans. I'm from St. Louis. I take this issue very seriously. This is the embodiment of the local controversy exception. The issues in this case involve all Missouri residents, St. Louis County property, conduct that originated in St. Louis, waste that was dumped, nuclear waste in St. Louis, waste that was improperly stored and accepted by the defendants in St. Louis, waste that was improperly managed by the defendants in St. Louis and escaped the landfill, waste that has truly created a local controversy in which this case needs to remain in state court. One problem I'm having, and I'm going to give you a chance to respond to what I asked opposing counsel, is you don't have a local defendant. The problem I'm having with this is, again, the Mansfield Rule, and I asked opposing counsel about this, you have to establish under the Mansfield Rule diversity at both the time of filing and at the time of removal. And the analogy here, again, plain language wise, it uses the word, it uses is present text. So it would imply that the time of removal is in fact relevant. And it's undisputed here at the time of removal that you had no Missouri defendant whatsoever.  Well, my response is several fold. One, the fact that there is no longer an in-state defendant was created by the defendants to escape the local controversy exception. There's a Fifth Circuit Court of Appeals case, Your Honors, that honestly, this is the converse of that case. And the rationale and the reasoning in the Cedar Lodge case that we cited in our briefs should apply to this case as well. The problem I'm having with that, counsel, is that's exactly what the Mansfield Rule gets at. It says you have to have it at both points. And that same problem arises in just plain diversity cases where parties merge. And maybe I'm wrong about this, but there's no evidence of collusion here from what I can tell. I mean, if you had evidence that the sole reason there was a merger was in order to avoid this lawsuit, then I think there'd be something there. But do you have any evidence like that? Well, we don't have any evidence of that, Your Honor, because it happened before we could do any discovery in this case. We cited in a footnote that if this case is going to be remanded back to Judge Perry for consideration of the local controversy exception, including that issue, then we should be able to conduct discovery to show that Rock Road Industries was merged into Branch and Landfill LLC for fraudulent purposes. We talked about that at length in our brief, that for 30 years there were no mergers of Rock Road Industries. Rock Road Industries is a defendant that owns the landfill. They control the landfill. There were no mergers of Rock Road Industries until after we filed this lawsuit and short two weeks before the defendants removed the case. I mean, that stinks to high heaven of potential fraud, that it was done for a fraudulent purpose to escape local controversy exception. And I'm sure that if we were able to conduct discovery, we would be able to depose the people that made that decision. And that fact would come out that it was done for the purposes of litigation. But we don't need to because under the clear and plain language of the text of CAFA, it says, as Your Honor pointed out, it is a citizen of the state in which the action was originally filed. The defendants in this case want to ignore what was originally filed. They bury their head in the sand and they only focus on the first part of this. And that's not what the full sentence reads. The plain language and the ordinary meaning of the text of this sentence must be given its full impact and importance. Doesn't that just mean though, I mean, there's a very common and reasonable meaning of that, which is that it's just, here it's Missouri. Because they are a citizen of the state where the action was originally filed.  I mean, it says nothing about the timing of when you judge when they are a citizen. Well, Your Honor, I would argue that that is a clause that does affect timing. Because they said, the Congress could have said it was a citizen of the state in which the action, in which he was a citizen of the state at the time of abstention. Or the defendant is a citizen, is no longer a citizen of the state at the time of removal. But it doesn't say that. It says, is a citizen of the state when it was originally filed. And the originally filed time of filing rule has to be the bright line rule. The reason Cedar Lodge is important, and I want to come back to this case, is because the facts of that case are very similar to this case. And it was just the plaintiffs tried to abuse the local controversy exception in that case, and the court hammered them. The judges in the Fifth Circuit found that when Congress provided, and this is a quote from the case, when Congress provided that district courts are to decline to entertain jurisdiction over class actions, it meant that the courts are to look at the action when it is filed, in order to determine whether the conditions for abstention are present. Of course, that case involved post-removal collusion. Here we have pre-removal action, so it's an entirely different set of circumstances. I understand the argument you're making, but it's distinguishable. And then on the other side, you have a Third Circuit case. I don't mean to belabor the point. It sounds to me like the main point you have here is that there could be evidence of collusion, and that we shouldn't decide it on that ground. That's the main point you're making at this point. At least that's my understanding. Well, yes. The collusion issue becomes important because you have to look at the real-world consequences going forward. In fact, that's what Cedar Lodge, the judges in that case went on to say, allowing Cedar Lodge to avoid federal jurisdiction through a post-removal amendment would, quote, turn the policy underlying CAPA on its head. That's exactly what would happen here. Can you imagine now, in significant class actions that are filed in state court, and there's one in-state defendant who is significant, there's no doubt that Rock Road Industries is a significant defendant. They own the landfill. These aren't district managers without discretion, like in the Atwood case. The Rock Road Industries defendant at the time of filing was controlling the landfill. It still controls the landfill. And to allow in significant class actions an in-state defendant to merge into an out-of-state defendant to avoid the local controversy exception creates a travesty going forward because that's what the message would be, is that it's okay after it gets sued to change your incorporation to avoid, create this jurisdictional loophole. I mean, I don't think... Let me interrupt you. Didn't you allege that each of the defendants owns it? Each of the defendants operates it? Didn't you say they each own it? They do, at different periods of time. This waste was dumped, Your Honor, in 1973. Yeah, but looking at your petition, I understand the point about discovery, but at this point, looking at the way you play it, you think that they're co-owners, right, of it? They were. At various points in time, they were co-owners. Well, no, no. I mean contemporaneous owners, you know, on the same deed listed out there on the grantee. You know how a Missouri deed looks. Right. Well, if you read your petition, wouldn't you think they were all listed there together? Well, they weren't. At various times, the defendants were. Yes, I understand. That's not what your petition says. We did, in page 30, Your Honor, if you look at paragraph 30 of our petition, we discussed the landfill owners and the landfill operators. We don't have the benefit of discovery, Your Honor, to determine who and when each of these defendants had specific control over the waste and what they did with that nuclear waste at various points in time. What we do have is a complete picture. In this case, the fact that... Counsel, let me interrupt you. Let me interrupt you. Yes. Boy, who owns land at different periods of time? Even in the old days with paper, it would have been a lot simpler. So at the time you pledged, you hadn't figured it out, right? Well, I think we didn't put in the exact dates that ownership changed hands. I mean, we're talking about several decades. But to be fair, I understand your point, Your Honor. And I guess my response to that would be that we have subsidiaries. And, you know, I want to point the court to a situation that is similar, where you can have an out-of-state defendant and an in-state defendant, and they can have a relationship. And you can discuss them equally. I mean, if you look at Senate Report 10914, Atwood discusses this Senate report in talking about the local controversy exception. They discuss a class action brought in Florida. And we cite this paragraph in our brief. Class action brought in Florida State Court against a Florida funeral home regarding alleged wrongdoing in burial practice. All the plaintiffs live in Florida. The suit is brought against the cemetery, a Florida corporation, and an out-of-state parent company involved in supervising the cemetery. Does that sound familiar? A parent company here, Rock Road Industries, is a subsidiary of Republic. There's a connection between all of these defendants over a period of time. They're all significant. This isn't as if, you know, the Atwood case, I actually really... Mr. King, Mr. King, they can't all be significant. At least that's the way I read Atwood and Westerfeld, but they can't all be something in Rock Road's conduct that is notable or of special importance, that sort of thing. So what is pled that makes Rock Road's conduct notable or of special importance? They own and operate the landfill. And I would just... Every one of them is... You pled all these entities owned and operated the landfill at various times. So that makes them sound all the same, but the defendants, this idea that you have to show different percentages of fault or point out specific actions of each defendant... Let's take, for example, this, Your Honor. There are two defendants in a case. They both design a product. They both combine their resources to design that product. They're in different states, but they use their resources to combine one product. At the onset of the case, we haven't done any discovery. We haven't designed the product and the in-state defendant designing the product. We allege in our petition, in that example, that both defendants design the product. They're both responsible for the design of the product. They're both responsible for the conduct arising from the injuries because of the design of the product. There's nothing wrong at the pleading stage with saying two defendants in both cases involved affidavits and declarations submitted by the defendants to show the in-state defendant was not significant. We don't have that here. The defendants did not. They could have, but they didn't submit any affidavits or declarations saying the Brockwood Industries was a nominal defendant or an insignificant defendant. It's not. Yeah, but the Atwood case means Brockwood Industries owned and operated the landfill for an extended period of time where the waste is located. That is significant conduct. But all the defendants did, Counsel. See, what I'm looking for is something, even if you were to say these two defendants were the ones that operated on a daily basis and these other two defendants didn't, that would be more than we have here. From what I can tell, all four defendants are equally identical. I can't tell the difference between them other than where they're incorporated. Your Honor, my position is that that is an acceptable pleading standard. Because if you look at the face of the document, Your Honor, clearly what happened in Atwood with a district manager who has no discretion that's just taking orders from the corporate office is not the same as someone who claims that all of the defendants in this case owned and operated the landfill at various periods of time. And that's what we pledged. It's to say that we, it was folly or improper under the local controversy exception to assign equal significance to them is reading something that's not in the text of these cases. Atwood specifically and it's factually distinct because they looked at discretion. They had evidence in the record to show that those district managers who, by the way, it's almost common sense to have that case involve, the plaintiffs were upset that they didn't have the same rewards program or same discounts on rewards. That's not what happened here. This is a dump involving radioactive waste for the in-state defendant Rock Road Industries. And this is, I want to say this in my time zone stuff. Rock Road Industries was determined by the Environmental Protection Agency to be a responsible party. They were determined with the Department of Energy. This is in footnote 10 of our brief. And the court can take judicial notice of this. That if the court has any doubt about whether Rock Road Industries is not significant or is significant, the United States government already determined that they are a responsible party for the cleanup of this dump. That makes them significant. Thank you. Judge Gardner, can I ask one additional question with your permission? So one of the, I want to know the corporate relationship between these parties, which is to say that my understanding is that Rock Road was always part of Republic, which would draw the analogy to the district managers serving under the corporate head of Walgreens. Am I right about that? Is it undisputed that Rock Road is some sort of subsidiary of Republic? Are you asking Mr. Beckerman or myself? I'm sorry. I'm back to you. Sorry. OK. Yes. Yes. The actual the Rock Road Industries. There is no dispute in the record that they are a wholly owned subsidiary. We alleged it and the defendants never stated anything. The only allegations or arguments about Rock Road was that after we filed suit, it was merged into an out-of-state bridge and landfill LLC. And I'll just add one other thing, your honors. The fact is that these allied waste and allied services and Republic became into formation long after Rock Road Industries owned this landfill. So to the extent that there is and we discussed some of this history looking back, could we have been super specific or more specific in our allegations to show that Rock Road Industries? Perhaps. But that's not what this would Kappa requires. He pled that they were all significant. I fully condemn that there is nothing improper with having multiple defendants. Just in the example I gave you about two companies that design a product and work together. You don't have any discovery in this case to ferret out all of the different roles the defendants have in this case. But I will say that this is not like Atwood and not like Westerfeld where you clearly had the plaintiff bringing in some minor people in the organizations to establish jurisdiction. We have by the United States government declaration in their record. Your time has expired. OK, thank you very much, Your Honors. I hope you'll take a full look at the record and rule accordingly. Thank you. Thank you, Mr. Beck. Your rebuttal. Thank you very much. I have just three quick points to make. And the first is that Cedar Lodge is helpful to another issue. And that is footnote four on 768 Federal 3rd 425 says that the local controversy is analyzed at the time of removal. In quotes, the local controversy exception is determined by the pleadings when the case was removed. The second thing is that I don't believe that the underlying petition actually supports this notion that Rock Road and other defendants sequentially were at different moments in time on the landfill. Rather, I believe that the allegations of the petition say that all of the defendants on the landfill without specifying anything about time and that all of the defendants operated the landfill without specifying anything about time. And just to be very specific about what Atwood holds that's relevant, the court stated, quote, in concluding that CAFA removal is not foreclosed by the complaint's conclusory allegations that the local defendant engaged in the same conduct as the diverse defendant, we respectfully disagree with the rulings to the contrary in Coleman  Essex Express Lines Inc., which is the Ninth Circuit case that Judge Perry relied on along with some district cases following Coleman as the basis for her decision. She determined they were the same allegations against all defendants. Under Coleman that would mean remand. Under Atwood that would mean do not remand. And that's my argument. Thank you, Your Honor. Very well. Thank you, Mr. Beck and Mr. Keene. We appreciate your appearance here today and your briefing. The case is submitted and we will decide it in due course.